1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

MOSHEN MOHAMED MUSAED SAID, et al.,

Plaintiffs,

v.

ALBERTO R. GONZALES, et al.,

Defendants.

NO. C06-986P

ORDER ON PLAINTIFFS' MOTION
FOR ORDER TO SHOW CAUSE

14

15

16

17

18

19

20

21

This matter comes before the Court on Plaintiffs' motion for order to show cause.  (Dkt. No. 4).  Having reviewed the materials submitted by the parties, including supplemental materials filed by plaintiffs on August 21, 2006, the Court GRANTS in part and DENIES in part Plaintiffs' motion.  The Court ORDERS Defendants to show cause why Plaintiffs' naturalization applications should not be immediately approved by the Court.  However, Defendants shall have until September 12, 2006, the 60th day after Plaintiffs' complaint was filed and served, to respond to the show cause order.  If necessary, the Court will hold a hearing on this matter at 4:00 p.m. on September 18, 2006.   The reasons for the Court's order are set forth below.

22

**Discussion**

23

24

Plaintiffs are four individuals seeking decisions on their naturalization applications.  They filed their complaint on July 14, 2006. Plaintiffs allege that Defendants failed to issue a decision on their

25

26

ORDER - 1

1   naturalization applications within 120 days after the day of the examinations on their applications, as

2   required by law.  Plaintiffs' complaint is based on 8 U.S.C. § 1447(b), which provides:

3           If there is a failure to make a determination [on a naturalization application] before the end of
            the 120-day period after the date on which the [naturalization] examination is conducted . . . .,
4           the applicant may apply to the United States district court for the district in which the applicant
            resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either
5           determine the matter or remand the matter, with appropriate instructions, to the Service to
            determine the matter.

6

7   See also 8 C.F.R. § 335.3 (providing that a decision to grant or deny a naturalization application "shall

8   be made at the time of the initial examination or within 120-days after the date of the initial

9   examination of the applicant for naturalization.")

10          The pending motion asks the Court to issue an order that requires Defendants to show cause

11  within 14 days why the Court should not immediately grant their naturalization applications.  Plaintiffs

12  argue that they are suffering irreparable injuries as a result of the Government's delay in acting on their

13  applications.  They note that as non-citizens they cannot vote or serve on juries and argue that the

14  delay is affecting their ability to work, travel, and conduct business, as well as the status of their

15  children.

16          In response, Defendants argue that they cannot be required to respond to Plaintiffs' complaint

17  until 60 days after Plaintiffs' complaint was filed and served (i.e., until September 12, 2006).

18  Defendants base their position on Fed. R. Civ. P. 12(a)(3)(A), which provides the United States, its

19  agencies, and its officers with 60 days to answer a complaint.

20          The Court fully understands Plaintiffs' desire to expedite this matter.  However, Plaintiffs'

21  motion for an order to show cause would effectively require Defendants to respond to Plaintiffs'

22  complaint before an answer is due.  Although the Court may grant a temporary restraining order or a

23  preliminary injunction pursuant to Fed. R. Civ. P. 65 before an answer is filed, Plaintiffs are not

24  seeking such injunctive relief.  By seeking an order directing Defendants to show cause within 14 days

25  why their naturalization applications should not be immediately approved, Plaintiffs are in effect asking

26  ORDER - 2

1   Defendants to respond to the complaint and to present their defenses – the same function served by an

2   answer.  Although the Federal Rules of Civil Procedure permit the Court to enlarge the time to answer

3   a complaint, see Fed. R. Civ. P. 6(b), they do not expressly authorize the Court to shorten the time

4   period to answer to a complaint.

5   At the same time, the Court agrees with Plaintiffs that this matter should be handled in an

6   expeditious manner.  According to the complaint, Plaintiffs have been waiting for significant periods of

7   time for decisions on their naturalization applications, and the delay in acting on their applications

8   obviously works hardships on Plaintiffs.  Therefore, the Court ORDERS Defendants to show cause

9   why the Court should not immediately approve Plaintiffs' naturalization applications.  Defendants

10  response to the order to show cause will be due on September 12, 2006 and shall include all reasons

11  why Plaintiffs' naturalization applications have not been approved, all reasons why the Court should

12  not approve the applications immediately, and (if appropriate) a proposed plan for promptly deciding

13  Plaintiffs' naturalization applications.

14  If necessary, the Court will hold a hearing on this matter at 4:00 p.m. on September 18, 2006.

15  In light of Plaintiffs' recent representation that FBI "name checks" have been completed for Plaintiffs,

16  the parties should consider whether this matter may be resolved more expeditiously by submitting an

17  agreed stipulation and order.

**Conclusion**

19  Consistent with the discussion above, Plaintiffs' motion for order to show cause is GRANTED

20  in part and DENIED in part.  The court ORDERS Defendants to show cause by September 12, 2006

21  why the Court should not grant Plaintiffs' application for naturalization by the authority of the

22  Immigration and Nationality Act, which confers jurisdiction to this court to compel agency action on a

23  naturalization application or make a ruling on the merits "[i]f there is a failure to make a determination

24  . . . before the end of the 120-day period after the date on which the examination is conducted . . . ."

25  8 U.S.C. § 1447(b).  Defendants shall respond to this order with a written pleading that states: (1) all

26  ORDER - 3

1  reasons that Plaintiffs' naturalization applications have not been approved; (2) all reasons that the

2  Court should not approve the applications immediately; and, if appropriate (3) a proposed plan for

3  promptly deciding Plaintiffs' naturalization applications.  If necessary, the Court will hold a hearing on

4  this matter at 4:00 p.m. on September 18, 2006.

5         The clerk is directed to provide copies of this Order to all counsel of record.

6         Date: August 22, 2006.

7

8                                              s/Marsha J. Pechman
                                               Marsha J. Pechman
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER - 4