UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOSHEN MOHAMED MUSAED SAID, et al.,

    Plaintiffs,

v.

ALBERTO R. GONZALES, et al.,

    Defendants.

NO. C06-986P

ORDER

On August 22, 2006, the Court ordered Defendants to show cause why Plaintiffs' naturalization applications should not be immediately approved by the Court. The Court has reviewed Defendants' response to the order to show cause and Plaintiffs' reply. This order memorializes and supplements the oral ruling that the Court issued on this matter at a hearing held on September 18, 2006.

(1) <u>Background</u>. Plaintiffs Moshen Mohamed Musaed Said, Yelena Nekrashevich, Oleg Nekrashevich, and Mina Tamrazi filed this action on July 14, 2006. Plaintiffs allege that Defendants failed to issue a decision on their naturalization applications within 120 days after the day of the examinations on their applications. Plaintiffs' complaint is based on 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination [on a naturalization application] before the end of the 120-day period after the date on which the [naturalization] examination is conducted . . . ., the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either

ORDER - 1

determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Plaintiffs request that the Court grant their naturalization applications, give them their oaths of citizenship, and order the U.S. Citizenship and Immigration Service (CIS) to promptly issue certificates of naturalization. In the alternative, Plaintiffs ask the Court to remand this case and order CIS to administer oaths of citizenship to Plaintiffs.

Shortly after their complaint was filed, Plaintiffs moved for an order directing Defendants to show cause why Plaintiffs' naturalization applications should not be approved. The Court granted Plaintiffs' motion in part. The Court ordered Defendants to show cause by September 12, 2006 why Plaintiffs' naturalization applications should not be immediately approved. Specifically, the Court directed Defendants to set forth "all reasons why Plaintiffs' naturalization applications have not been approved, all reasons why the Court should not approve the applications immediately, and (if appropriate) a proposed plan for promptly deciding Plaintiffs' naturalization applications." (Dkt. No. 11 at 3).

(2)     Jurisdiction. All four Plaintiffs had their naturalization examinations more than 120 days before this complaint was filed. As a result, the Court finds that it has jurisdiction over this matter under the plain language of 8 U.S.C. 1447(b). Defendants argue that the Court should follow the reasoning of Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005), and hold that the Court lacks jurisdiction over this matter until 120 days after the Government completes its background investigation of Plaintiffs. The Court declines to follow the reasoning of Danilov, which has been rejected by numerous other district courts. See, e.g., Al-Kudsi v. Gonzales, 2006 WL 752556 (D. Or. Mar. 22, 2006); Essa v. USCIS, 2005 WL 3440827 (D. Minn. Dec. 14, 2005); El-Daour v. Chertoff, 417 F. Supp.2d 679 (W.D. Pa. 2005). Instead, the Court follows "[t]he majority position," which "is that the word "examination" in § 1447(b) refers to the date of the examination interview with a CIS

ORDER - 2

officer, and not the entire 'examination process.'" Daami v. Gonzales, 2006 WL 1457862 at * 5 (D.N.J. May 22, 2006).

(3)     Applications of Moshen Mohamed Musaed Said and Yelena Nekrashevich. The Court finds that Defendants have provided no legitimate reason why the Court should not immediately approve the naturalization applications of **Moshen Mohamed Musaed Said** and **Yelena Nekrashevich**. Defendants indicate that all checks have been completed for these Plaintiffs, and Defendants do not dispute Plaintiffs' evidence that Mr. Said and Ms. Nekrashevich meet all the requirements for citizenship.

Therefore, consistent with its oral ruling on September 18, 2006, the Court finds that Mr. Said and Ms. Nekrashevich meet all requirements of citizenship. The Court REMANDS this matter to the United States Citizenship and Immigration Service with instructions to issue Certificates of Naturalization to Mr. Said and Ms. Nekrashevich and to give Mr. Said and Ms. Nekrashevich their oaths of citizenship no later than noon on September 22, 2006. If Mr. Said or Ms. Nekrashevich have not been administered the oath of citizenship by that time, the Court will administer the oath at 4:00 p.m. on September 22, 2006.

(4)     Application of Mina Tamrazi. In their response filed on September 11, 2006, Defendants maintained that Plaintiff **Mina Tamrazi**'s naturalization application should not be approved because her "fingerprint background check has expired" and that "[a] new fingerprint background check of Ms. Tamrazi must be resolved prior to the adjudication of her application for naturalization."[1] However, Ms. Tamrazi submitted new fingerprints on September 13, 2006, and Defendants indicated at the hearing on September 18, 2006 that this concern is no longer an

---

[1] The parties' briefing did not explain what it means for a fingerprint background check to "expire." Based on counsel's explanation at the hearing, it appears that Ms. Tamrazi previously provided fingerprints for an FBI background check. However, that set of prints was not retained and Mr. Tamrazi needed to provide a new set to conduct an updated background check. It is unclear why the prints initially taken were not simply retained.

ORDER - 3

impediment to Ms. Tamrazi's application. Defendants have not otherwise contested Plaintiffs' evidence that Ms. Tamrazi meets all the requirements of citizenship.

Therefore, consistent with its oral ruling, the Court finds that Ms. Tamrazi meets all requirements of citizenship. The Court REMANDS this matter to the United States Citizenship and Immigration Service with instructions to issue a Certificate of Naturalization to Ms. Tamrazi and to give Ms. Tamrazi her oath of citizenship no later than noon on September 22, 2006. If Ms. Tamrazi has not been administered the oath of citizenship by that time, the Court will administer the oath at 4:00 p.m. on September 22, 2006.

(5)  Application of Oleg Nekrashevich. In their response to the Court's order to show cause, Defendants argued that Plaintiff **Oleg Nekrashevich**'s naturalization application should not be immediately approved for two reasons. As with Ms. Tamrazi, Defendants indicated that his "fingerprint background check" has expired. However, Mr. Nekrashevich submitted new fingerprints on September 12, 2006, and it appears that this issue is no longer an impediment to his naturalization.

Second, Defendants maintain that they need more time to evaluate a "name check response" regarding Mr. Nekrashevich. To support this contention, Defendants have offered a declaration from Julia Harrison, the Assistant District Director of the Seattle District office for CIS. Ms. Harrison states:

> [A] security check relating to Oleg Nekrashevich's name was initiated on or about October 24, 2004, pursuant to procedures that were in effect on that date. The FBI Name Check Response database indicates that the FBI processed the name check on August 14, 2006. The results of the background check were transferred to USCIS on or about August 24, 2006.
>
> On or about August 24, 2006, USCIS received the name check response regarding Oleg Nekrashevich, which was the final outstanding security check. At the present time, USCIS is assessing the sensitive information contained within the name check response. The information raises issues requiring further inquiry before a decision can be rendered on the application for naturalization. Therefore, USCIS requires a reasonable period of time to evaluate the name check response, conduct further inquiry and resolve any outstanding issues.

(Dkt. No. 14 ¶¶ 9-10). At the hearing on September 18, 2006, Defendants' counsel indicated that Ms. Harrison obtained this information from a database. Defendants' counsel could not provide more

ORDER - 4

specific reasons why Mr. Nekrashevich's name check response requires further inquiry. In response to questioning from the Court, Defendants also provided little basis to support their contention that up to 60 days were needed to complete this inquiry.

Plaintiffs note that Defendants offer only the vaguest information to support their claim that Mr. Nekrashevich's name check response contains sensitive information that needs to be assessed further. Plaintiffs maintain that the Court should find on the record before it that Mr. Nekrashevich meets all the requirements for citizenship without further inquiry. Plaintiffs also point to 8 C.F.R. § 103.2(b)(16), which provides (with some exceptions) that before an adverse decision on a naturalization application is made, CIS is required to inform the applicant of derogatory information of which the applicant is unaware and to provide the applicant with an opportunity to rebut the information. It should be noted, however, that there is an exception to this rule in cases involving classified information. See 8 C.F.R. § 103.2(b)(16)(iv).

Mr. Nekrashevich's frustration with this extended process is understandable. Based on Ms. Harrison's declaration, it appears that the FBI took nearly two years to process his name check. The Court also appreciates Mr. Nekrashevich's concern about Defendants' vague explanation of why his name check response requires further inquiry. However, the Court gives due regard to CIS's view that this matter requires further inquiry by the agency, although there is little basis for the Court to find that CIS needs as long as 60 days to complete this inquiry.

Therefore, consistent with its oral ruling, the Court REMANDS Mr. Nekrashevich's case to CIS with the following instructions. CIS shall have until October 18, 2006 to complete its inquiry into Mr. Nekrashevich's name check response. If CIS determines that there is no barrier to naturalization, CIS shall promptly report that information to the Court and to Plaintiffs' counsel. If CIS has information that presents a barrier to naturalization, CIS shall promptly inform the Court and Plaintiff of the nature of the derogatory information that CIS believes would prevent naturalization. In the

ORDER - 5

event that any derogatory information is considered classified, Defendants may seek leave to provide that information to the Court for in camera review.

Defendants are directed to provide the Court with a status report regarding Mr. Nekrashevich no later than noon on <u>October 18, 2006</u>.  The Court encourages Defendants to provide a status report earlier if feasible.  If Defendants inform the Court before noon on October 18th that there is no barrier to Mr. Nekrashevich's naturalization, the Court will instruct CIS to issue a Certificate of Naturalization and to administer the oath of citizenship.  If Defendants continue to maintain that there is a problem with Mr. Nekrashevich's name check response but provide no additional information to support this contention by noon on October 18th, the Court will be prepared to approve Mr. Nekrashevich's naturalization application and to administer the oath of citizenship to him at 4:00 p.m. on October 19, 2006.

(6)     The clerk is directed to provide copies of this order to all counsel of record.

Date:   September 21, 2006.

<u>s/Marsha J. Pechman</u>
Marsha J. Pechman
United States District Judge

ORDER - 6