UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOSHEN MOHAMED MUSAED SAID, et al.,

    Plaintiffs,

v.

ALBERTO R. GONZALES, et al.,

    Defendants.

NO. C06-986MJP

ORDER ON CROSS-MOTIONS RE FOIA CLAIMS

This matter comes before the Court on the parties' cross-motions regarding Plaintiffs' claims under the Freedom of Information Act (FOIA). Plaintiffs have moved for summary judgment on their FOIA claims. (Dkt. No. 50.) Defendants have filed a cross-motion to dismiss or, in the alternative, for summary judgment. (Dkt. No. 54.) Having reviewed the materials submitted by the parties regarding these motions and the balance of the record, the Court DENIES Plaintiffs' motion for summary judgment and GRANTS Defendants' motion to dismiss Plaintiffs' FOIA claims. Because Plaintiffs failed to exhaust their administrative remedies with respect to their FOIA requests before filing this action, the Court lacks jurisdiction over their FOIA claims under Ninth Circuit law.

**Background**

1.    Procedural History

This action is brought by four Plaintiffs: (1) Moshen Said; (2) Mina Tamrazi; (3) Oleg Nekrashevich; and (4) Yelena Nekrashevich. The Defendants include: (1) former U.S. Attorney

ORDER - 1

General Alberto Gonzales; (2) Department of Homeland Security (DHS) Secretary Michael Chertoff; (3) Federal Bureau of Investigation (FBI) Director Robert Mueller; (4) United States Citizenship and Immigration Services (CIS) Director Emilio Gonzalez; (5) CIS Seattle District Director Jack Bennett and his successor; (6) the Department of Justice; (7) DHS; (8) CIS, and (9) the FBI.

Plaintiffs filed their original complaint on July 14, 2006, which requested that the Court: (1) order the naturalization of each Plaintiff pursuant to the Court's authority under 8 U.S.C. § 1447(b); and (2) require Defendants CIS, DHS, and the FBI to respond to Plaintiffs' FOIA requests.

The Court held a hearing on September 18, 2006 regarding naturalization issues. At the hearing, Defendants indicated that FBI "name checks" had been completed for each Plaintiff. Defendants indicated that Mr. Nekrashevich's name check response included sensitive information that required further assessment, but did not raise similar concerns about the name check results for the other Plaintiffs. (Dkt. No. 33.) The Court found no barrier to the naturalization for Mr. Said, Ms. Tamrazi, and Ms. Nekrashevich and directed CIS to naturalize those three individuals. Id. The Court provided Defendants with an additional 30 days to complete an inquiry into Mr. Nekrashevich's name check response. Id. Although Defendants indicated in a status report filed on October 18, 2006 that they had a five-page document from CIS that contained information that, if accurate, would cast doubt on Mr. Nekrashevich's suitability for naturalization, Defendants submitted a letter to the Court the following day indicating that Mr. Nekrashevich had been scheduled for naturalization. (Dkt. Nos. 35, 37.)

After all Plaintiffs had been naturalized, the Court set a schedule for discovery and dispositive motions regarding Plaintiffs' remaining claims under FOIA. (Dkt. No. 42.) On April 20, 2007, the Court also granted Plaintiffs' motion to leave to amend their complaint. The amended complaint adds several allegations regarding events that occurred after their complaint was filed.

2.     Plaintiffs' FOIA Requests

ORDER - 2

Plaintiffs have made a number of FOIA requests to the FBI and CIS. The Court summarizes the requests below in chronological order.

### A.  Moshen Said's September 2005 Request to FBI

By letter dated September 9, 2005, Plaintiff Moshen Said submitted a FOIA request to the FBI. (Hardy Decl., Ex. A.) The request appeared to seek all FBI records related to Mr. Said. The FBI responded to this request by letter dated September 29, 2005. (Hardy Decl., Ex. B.) This letter informed Mr. Nekrashevich that the FBI had searched its central records system files at FBI headquarters and had located no records responsive to his request. Id. The letter also informed Mr. Said that he was entitled to file an administrative appeal if he desired, with such an appeal being due within 60 days of the date of the letter. Id. Plaintiffs have presented no evidence that Mr. Said filed an administrative appeal within 60 days of September 29, 2005.

### B.  Plaintiffs' June 2006 Requests to FBI and CIS

#### I.  FBI Requests

In June 2006, Plaintiffs Oleg Nekrashevich, Yelena Nekrashevich, and Mina Tamrazi made FOIA requests to the FBI. It appears that the Nekrashevichs' requests were faxed to the FBI on June 20, 2006 and requested "all records including 'name check' clearance." (Second Supplemental Gilbert Decl., Ex. 4.) Ms. Tamrazi's request was faxed to the FBI on June 29, 2006 and also requested "all records including 'name check' clearance." Id. It does not appear that Mr. Said made another FOIA request to the FBI in June 2006.

The FBI responded to Mr. Nekrashevich and Ms. Tamrazi's requests by letters dated July 31, 2006. (Hardy Decl., Exs. D & I.) Ms. Nekrashevich was sent a response from the FBI by letter dated August 7, 2006. (Hardy Decl., Ex. G.) Each letter from the FBI indicated that no records responsive to their FOIA requests had been located. The letters indicated that an administrative appeal could be filed within 60 days of the date of the letter. Plaintiffs did not file an appeal within 60 days, apparently

ORDER - 3

because they believed it was not appropriate to file an appeal because they had initiated this litigation on July 14, 2006, before receiving their responses from the FBI. (Hardy Decl., Exs. J, N, and R.)

    ii. <u>CIS Requests</u>

In June 2006, each Plaintiff submitted a FOIA request to CIS. The CIS requests submitted by Mr. Said, Ms. Nekrashevich, and Mr. Nekrashevich were all dated June 20, 2006. (Second Supplemental Gilbert Decl., Ex. 1.) Ms. Tamrazi's CIS request was dated June 29, 2006.[1] (Second Supplemental Gilbert Decl., Ex. 2.) Each request sought immigration and/or naturalization records, including information relating to "name checks."

CIS responded to the Nekrashevichs' and Mr. Said's requests by letter dated August 8, 2006. (Welsh Decl., Exs. A, G, and J.) CIS responded to Ms. Tamrazi's request by letter dated August 29, 2006. (Welsh Decl., Ex. D.) Each letter indicated that the request was being handled under the provisions of FOIA and noted:

> [W]e respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

(Welsh Decl., Exs. A, D, G, and J.)

Following an inquiry from Plaintiffs' counsel regarding the status of their FOIA requests, CIS sent letters to Plaintiffs dated November 1, 2006 which indicated that Mr. Said's request was number 72,436 on a list of 93,449 pending cases; Ms. Tamrazi was number 74,058; Mr. Nekrashevich was number 72,343; and Ms. Nekrashevich was number 72,290. (Welsh Decl., Exs. B, E, H, and K.) On November 9, 2006, Defendants' counsel provided Plaintiffs with copies of their administrative files. (Brouillard Decl., Ex. A.)

---

[1] Although Ms. Tamrazi's CIS request was dated June 29, 2006, Plaintiffs' counsel asserts that this request was filed on June 25, 2006. (Second Supplemental Gilbert Decl. at 1.)

ORDER - 4

### C. Plaintiffs' Narrowed Requests to FBI and CIS in January 2007

#### I. FBI Requests

In January 2007, each Plaintiff sent another letter to the FBI regarding their previous FOIA requests. (Hardy Decl., Exs. J, N, R, and W.) These letters were dated January 4, 2007. The letters referenced the Plaintiffs prior FOIA requests to the FBI and indicated that "[w]ith this request, we narrow the [above or attached] FOIA request in order to allow you to expedite a response." Id. The letters from Mr. Said, Ms. Tamrazi, and Mr. Nekrashevich indicated that Plaintiffs were seeking "information/communications to and from the National Name Check Program searching the FBI's Universal Index" and limited the date ranges for the requests. (Hardy Decl., Exs. J, N, and R.) The letter from Ms. Nekrashevich indicated that she was seeking "any and all communications and correspondence to and from the U.S. CIS and other agencies concerning a name check for naturalization" and limited the date range for her request. (Hardy Decl., Ex. W.)

The FBI responded to Mr. Said and Ms. Tamrazi in letters dated March 19, 2007, which indicated that the agency had located no responsive records. (Hardy Decl., Exs. K and O.) The FBI also sent separate letters to Mr. and Ms. Nekrashevich dated March 19, 2007 that acknowledged their requests. (Hardy Decl., Exs. T and X.) The letter to Mr. Nekrashevich stated that "[w]e are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible." (Hardy Decl., Ex. T.) The letter to Ms. Nekrashevich indicated that her request was "being closed administratively" and would be "worked" with the case number assigned to Mr. Nekrashevich. (Hardy Decl., Ex. X.)

By letters dated April 20, 2007, Mr. Said, Ms. Tamrazi, and Ms. Nekrashevich administratively appealed the FBI's responses to their FOIA requests. (Hardy Decl., Exs. L, P, and Y.) Over the past several months, it appears that the FBI has released five pages responsive to Mr. Nekrashevich's request. (Dkt. No. 66 at 2.)

ORDER - 5

1         ii.    CIS Requests

2   By letters dated January 4, 2007, Plaintiffs also submitted narrowed FOIA requests to CIS,

3   although it does not appear that these letters are in the record. (Dkt. No. 44 at 1.) In a declaration

4   dated May 29, 2007, CIS official Brian Welsh stated that the narrowed requests have been reassigned

5   to the "simple track" by CIS and estimated that the agency will likely process and respond to those

6   requests with non-exempt responsive documents within approximately five months. (Welsh Decl. at

7   ¶¶ 13, 20, 27, and 34.)

8   D.    Pending Motions

9   In their summary judgment motion, Plaintiffs argue that FBI and CIS failed to respond to their

10  requests in a timely manner and that the agencies have not shown "unusual circumstances" justifying

11  an extension of the permitted time to respond to their requests. Plaintiffs also maintain that the FBI

12  has not conducted a search reasonably calculated to uncover the requested name check

13  correspondence and information. Plaintiffs ask the Court to "order full disclosure of all records in the

14  possession of both agencies related to plaintiffs' name check process through the National Name

15  Check Program." (Pls.' Opening Brief at 13.)

16  In response, Defendants have filed a cross-motion for dismissal or, in the alternative, for

17  summary judgment on Plaintiffs' FOIA claims. Defendants argue that the Court lacks subject matter

18  jurisdiction over Plaintiffs' FOIA claims because Plaintiffs failed to exhaust their administrative

19  remedies before filing suit on July 14, 2006. Defendants also contend that they have complied with all

20  of their obligations under FOIA.

**Analysis**

22  Defendants are correct that Plaintiffs failed to exhaust their administrative remedies for their

23  FOIA claims before filing this action on July 14, 2006. The Nekrashevichs made their initial FOIA

24  requests on June 20, 2006, while Ms. Tamrazi made her requests on June 29, 2006. Mr. Said made

25  his initial FOIA request to the FBI by letter dated September 9, 2005 (from which he did not make a

ORDER - 6

timely administrative appeal after receiving a response dated September 29, 2005) and submitted his initial CIS request by letter dated June 20, 2006. FOIA provides that after an agency receives a request for records under FOIA, the agency shall:

> [D]etermine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(I) (emphasis added). The 20th day after June 20, 2006 (excluding Saturdays, Sundays, and the Fourth of July holiday) was July 19, 2006. Here, Plaintiffs filed their FOIA claims in this Court on July 14, 2006.

As Plaintiffs note in their opening brief, "[t]he FOIA requester's cause of action or right to file a lawsuit in Federal district court accrues when the agency fails to comply with the time requirements of the statute." (Pls.' Opening Brief at 9.) Here, Plaintiffs filed their lawsuit before the time for the agencies to respond to their requests had passed.[2] Because Plaintiffs prematurely filed their complaint before their FOIA claims accrued, they necessarily did not exhaust their administrative remedies before filing their FOIA claims in this Court.

Defendants argue the Court lacks subject matter jurisdiction over Plaintiff's FOIA claims because Plaintiffs failed to exhaust their administrative remedies before filing suit. As Defendants note, the Ninth Circuit has indicated that exhaustion of administrative remedies is a jurisdictional prerequisite to filing a FOIA suit. For example, the Ninth Circuit stated in <u>Hymen v. Merit Systems Protection Board</u>, 799 F.2d 1421, 1423 (9th Cir. 1986), <u>overruled on other grounds by</u> <u>Capital Tracing, Inc. v. United States</u>, 63 F.3d 859 (9th Cir. 1995):

> The FOIA requires that administrative appeals be exhausted before suit may be brought in federal court. 5 U.S.C. § 552(a). *See United States v. United States District Court*, 717 F.2d

---

[2] The one exception would be Mr. Said's September 9, 2005 FOIA request to the FBI. However, Mr. Said received a response to this request on September 29, 2005 and there is no evidence that Mr. Said exhausted his administrative remedies regarding this request by timely filing an administrative appeal within 60 days of the date of the FBI's response.

ORDER - 7

478, 480 (9th Cir. 1983). The Merit Systems Protection Board has issued regulations providing for such appeals. *See* 5 C.F.R. § 1204.21, but Hymen nonetheless failed to take this route. The district court thus properly dismissed the FOIA claims for lack of subject matter jurisdiction.

Similarly, the court in In re Steele, 799 F.2d 461 (9th Cir. 1986), stated "[e]xhaustion of a parties' [sic] administrative remedies is required under the FOIA before that party can seek judicial review" and that "[w]here no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." Id. at 465-66.

Courts in this district have interpreted the Ninth Circuit's decisions in Hymen and Steele as providing that exhaustion is a jurisdictional requirement before seeking judicial review under FOIA. See, e.g., Geschke v. Social Security Admin., 2007 WL 1140281 at * 12 (W.D. Wash. Apr. 17, 2007) (Coughenour, J.) ("Exhaustion is a jurisdictional prerequisite to a FOIA claim"); Johnson v. Comm'r of Internal Revenue, 239 F. Supp.2d 1125, 1136 (W.D. Wash. 2002) (Bryan, J.) ("Where a FOIA plaintiff attempts to obtain judicial review without first exhausting administrative remedies, the lawsuit is subject to dismissal for lack of subject matter jurisdiction."). Other district courts in the Ninth Circuit have issued similar rulings. See, e.g., Davis v. Astrue, 2007 WL 1031170 at * 8 (N.D. Cal. Apr. 3, 2007) (finding that court may not assert subject matter jurisdiction over plaintiff's FOIA claims due to failure to exhaust administrative remedies); Hardy v. Daniels, 2006 WL 176531 at * 1 (D. Or. Jan. 23, 2006) (similar); Gasparutti v. IRS, 22 F. Supp.2d 1114, 1116 (C.D. Cal. 1998) (similar). Defendants also point to a ruling by a district court in the District of Columbia in which the court dismissed FOIA claims for lack of subject matter jurisdiction where the plaintiff prematurely filed a FOIA claim. See Judicial Watch, Inc. v. FBI, No. 01-1216, slip op. at 8 (D.D.C. July 26, 2002).

To be sure, the United States Court of Appeals for the District of Columbia Circuit has held that exhaustion of administrative remedies is not a jurisdictional requirement under FOIA, but is instead a jurisprudential doctrine. The court in Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003), stated that "the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally

ORDER - 8

make it so." Instead, "as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and 'the particular administrative scheme' support such a bar." Id. at 1258-59 (internal citations omitted). See also Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion is a prudential consideration rather than a jurisdictional prerequisite"). However, this Court must follow Ninth Circuit law. Because the Ninth Circuit's decisions in Hymen and Steele speak of exhaustion as a jurisdictional requirement in a FOIA action, the Court treats exhaustion of administrative remedies as a jurisdictional prerequisite to Plaintiffs' claims under FOIA. Here, Plaintiffs plainly did not exhaust their administrative remedies before filing their FOIA claims; indeed, Plaintiffs filed their complaint on July 14, 2006 before the time for the agencies to respond to their FOIA requests had even expired. Under these circumstances, the Court finds that Plaintiffs' FOIA claims should be dismissed without prejudice for failure to exhaust administrative remedies before filing suit.

To be sure, on April 20, 2007, the Court granted Plaintiffs' motion to amend their complaint to add several allegations regarding events that occurred after they filed their lawsuit on July 14, 2006.[3] The amended complaint included allegations regarding Plaintiffs' letters from January 4, 2007, in which they narrowed their previous FOIA requests from June 2006. However, as Defendants observe, subject matter jurisdiction must be evaluated at the time a complaint is filed, rather than from the time of any amendments. As the Ninth Circuit has noted:

> In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced. If jurisdiction is lacking at the outset, the district court has "no power to do anything with the case except dismiss." Accordingly, we must examine [plaintiff's] original complaint to determine whether the claim alleged therein was one over which the district court had jurisdiction. If jurisdiction was lacking, then the court's various orders, including that granting leave to amend the complaint, were nullities.

---

[3] Although Defendants suggested that the motion for leave to amend should be denied due to failure to exhaust, the Court indicated in its order that "[o]n the limited record before it, the Court cannot adequately evaluate the merits of Defendants' arguments regarding exhaustion" and indicated that Defendants should file a dispositive motion directed to that issue. (Dkt. No. 49 at 2.)

ORDER - 9

Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380-81 (9th Cir. 1988). Although Plaintiffs suggest that the Morongo decision is inapplicable here because it was not a FOIA action, other courts have followed Morongo in the context of FOIA claims.[4] See Geschke, 2007 WL 1140281 at * 13.

The Court is also not persuaded by Plaintiffs' arguments that the Court should follow the approach taken in Judicial Watch, Inc. v. U.S. Department of Energy, 191 F. Supp.2d 138 (D.D.C. 2002). In Judicial Watch, the court excused the premature filing of a FOIA action because several agencies had failed to provide any response at all to the plaintiff in the ten months after the premature suit was filed. Here, by contrast, the Plaintiffs have received responses from the agencies.

Even if the Court were to follow the D.C. Circuit's ruling in Hidalgo and treat exhaustion as a prudential rather than a jurisdictional requirement for Plaintiffs' FOIA claims, the Court would still decline to excuse Plaintiffs' failure to exhaust under the circumstances presented here. Mr. Said, Ms. Tamrazi, and Ms. Nekrashevich indicated that they were pursuing administrative appeals of the FBI's responses to their January 2007 letters that narrowed their prior FOIA requests. (Hardy Decl., Exs. L, P, and Y.) In addition, the FBI has produced five pages of records responsive to Mr. Nekrashevich's requests, and the record does not suggest that he is foreclosed from pursuing an administrative appeal if he is dissatisfied with the response. Under those circumstances, requiring exhaustion of administrative remedies prior to judicial review may serve the purpose of permitting the agency to

---

[4] It should also be noted that while the Court allowed Plaintiff to supplement their complaint to add allegations regarding events that occurred after they filed their complaint on July 14, 2006, the Ninth Circuit has indicated that a supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 403 (9th Cir. 1997) (citing Berssenbrugge v. Luce Mfg. Co., 30 F.Supp.101, 102 (D.Mo.1939) and 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where the supplemental pleading could be the subject of a separate action)).

ORDER - 10

correct or rethink initial misjudgments or errors and to permit the complication of a more complete record for judicial review. See Hidalgo, 344 F.3d at 1259-60.

With respect to Plaintiffs' FOIA requests to CIS, the Court recognizes that the agency has not yet provided a substantive response to their requests for "name check" information, but has instead placed them in a queue where their requests will be answered on a "first- in, first-out" basis.[5] However, CIS has offered evidence that it is experiencing a very high volume of FOIA requests and is exercising due diligence in processing these requests on a "first-in, first-out" basis – actions that are permitted under FOIA when an agency has insufficient resources to respond to a high volume of FOIA requests in a timely manner. See Open America v. Watergate Special Prosecution Task Force, 547 F.2d 605, 615-16 (D.C. Cir. 1976) (permitting agency in exceptional circumstances to have additional time to respond to FOIA requests on "first-in, first-out" basis). Plaintiffs also have not demonstrated an urgent need for their FOIA requests to CIS to be processed in an expedited manner ahead of the thousands of others who made their FOIA requests earlier. Under these circumstances, the Court would not excuse exhaustion requirements regarding Plaintiffs' FOIA requests to CIS even if exhaustion were regarded as a prudential rather than a jurisdictional requirement.

**Conclusion**

Plaintiffs failed to exhaust their administrative remedies before filing their FOIA claims in this Court on July 14, 2006. Therefore, the Court DENIES Plaintiffs' motion for summary judgment and GRANTS Defendants' motion to dismiss Plaintiffs' FOIA claims. The Court dismisses Plaintiffs' FOIA claims without prejudice to refiling such claims after administrative remedies have been exhausted.

The clerk is directed to send copies of this order to all counsel of record.

---

[5] However, it appears that the agency has responded to Plaintiffs' FOIA request to CIS for their administrative files. See Brouillard Decl.

ORDER - 11

1   Dated:  September 24, 2007

/s/ Marsha J. Pechman
Marsha J. Pechman
U.S. District Judge

ORDER - 12