UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOSHEN MOHAMED SAID, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTO GONZALES, et al.,<br><br>Defendants. | Case No. C06-986MJP<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |

    This matter comes before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 70.) After reviewing the moving papers, Defendants' response (Dkt. No. 73), Plaintiff's reply (Dkt. No. 76), and all papers submitted in support thereof, the Court GRANTS Plaintiff's motion. The Court's reasoning is set forth below.

**Background**

    Plaintiff Moshen Mohamed Musaed Said, a native of Lebanon, has been a legal permanent resident of the United States since 1994. Plaintiff Mina Y. Tamrazi, a native of Iran, has been a legal permanent resident of the United States since 1998. Mr. Said and Ms. Tamrazi each filed an application for naturalization with the United States Citizenship & Immigration Service ("USCIS") in 2003 and 2005, respectively. USCIS interviewed Mr. Said on December 24, 2003 and Ms. Tamrazi on May 16, 2005, but delayed adjudicating their naturalization applications because the FBI "name check" had not been completed. By July 2006, USCIS had still failed to process Mr. Said's and Ms. Tamrazi's applications.

    Mr. Said's and Ms. Tamrazi's claims were presented with two other plaintiffs in a

ORDER — 1

Complaint for Naturalization and for Declaratory Relief, filed pursuant to 8 U.S.C. § 1447(b) on July 14, 2006. The Complaint requested the following relief:

> Grant the applications of plaintiffs, and give the plaintiffs their oath of citizenship, or, in the alternative, order Defendant CIS to administer oaths of citizenship to plaintiffs within 10 days of the order.

(Dkt. No. 1 at 11.)

On August 22, 2006, the Court ordered Defendants to show cause why the Court should not grant Mr. Said's and Ms. Tamrazi's applications for naturalization. (Dkt. No. 2.) Defendants responded to the order with a request that the Court dismiss and/or remand (Dkt. No. 13). After an evidentiary hearing held on September 18, 2006, the Court found that Mr. Said and Ms. Tamrazi had met all the requirements of citizenship. (Dkt. No. 33 at 3-4.) The Court then remanded Mr. Said's and Ms. Tamrazi's cases to USCIS and instructed Defendants to "give [them] their oaths of citizenship no later than noon on September 22, 2006. (Id.) Mr. Said and Ms. Tamrazi were naturalized and the Court entered a final judgment on October 2, 2007. (Dkt. No. 69.) Plaintiffs now bring this motion for attorneys' fees and costs pursuant to the EAJA.

## Jurisdiction

The Court has jurisdiction over this action pursuant to 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Under this authority, the Court has jurisdiction over this matter if USCIS has not made a naturalization determination within 120 days of "the examination." The Court followed the majority of district court decisions on the issue in concluding that the word "examination" refers to the date of the examination interview with a USCIS officer, and not the entire

ORDER — 2

examination process. (Dkt. No. 33.) USCIS had failed to act on Mr. Said's and Ms. Tamrazi's applications within 120 days of their interviews at the time this action was filed.

**Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States is entitled to attorney's fees and costs if: (1) she is the prevailing party in the matter; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). Additionally, the application for fees must be filed within 30 days of a final judgment. Defendants do not challenge Plaintiff's motion as untimely.

I. Prevailing Party

The Ninth Circuit has identified two factors that define "prevailing party" under the EAJA. Carbonell v. INS, 429 F.3d 894 (9th Cir. 2005). Plaintiff's action must have resulted in: (1) a material alteration in the parties' legal relationship; and (2) that alteration must have been judicially sanctioned. Id. at 898.

"A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if she has succeeded on any significant issue in litigation which achieved some of the benefit she sought in bringing suit." Id. at 901 n.5 (internal citations and quotation marks omitted). Mr. Said and Ms. Tamrazi sought two alternative forms of relief in their complaint: (1) that the Court grant their naturalization applications; or (2) that the Court order USCIS to adjudicate their applications and administer an oath of citizenship. In remanding the case to USCIS, the Court found that Mr. Said and Ms. Tamrazi had made a prima facie showing of eligibility for citizenship and ordered USCIS to naturalize them. If Defendants failed to naturalize Mr. Said and Ms. Tamrazi as directed, the Court stated that it would "administer the oath[s] at 4:00 p.m. on September 22, 2006." (Dkt. No. 33 at 3-4.) Mr. Said and Ms. Tamrazi achieved a material alteration in their legal relationship with Defendants when their applications were finally adjudicated and they achieved

ORDER — 3

naturalization.

The material alteration in the relationship between the parties must also be stamped with some "judicial imprimatur." Carbonell, 429 F.3d at 901. Relief achieved through a voluntary change that was simply prompted by the lawsuit does not convey prevailing party status on the plaintiff. See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction").

USCIS did not voluntarily naturalize Mr. Said and Ms. Tamrazi but was compelled to do so by the Court. When Mr. Said and Ms. Tamrazi brought this action under § 1447(b), the Court assumed exclusive jurisdiction and had two options for disposition of the matter: (1) to determine the matter on the merits; or (2) to "remand the matter, with appropriate instructions, to [USCIS] to determine the matter." United States v. Hovsepian, 359 F.3d 1144, 1161 (9th Cir. 2004); 8 U.S.C. § 1447(b). On September 21, 2006, the Court remanded Mr. Said's and Ms. Tamrazi's cases to USCIS with explicit instructions to issue a Certificate of Naturalization. Further, the Court reserved the right to re-establish jurisdiction if Defendants failed to comply with its order and stated that it would naturalize Mr. Said and Ms. Tamrazi if Defendants failed to do so. (Dkt. No. 33 at 3-4.) USCIS acted on Mr. Said's and Ms. Tamrazi's applications at the direction of the Court and would have violated a court order if it had not.

Further, Mr. Said's and Ms. Tamrazi's success on the merits does not rely solely on the fact that USCIS ultimately granted theirs applications for naturalization; instead, their success stems from the fact that USCIS adjudicated their naturalization applications at all. Section 1447(b) is "a statutory check on what could otherwise amount to an infinite amount of time available to the government in which to render a decision on the application[.]" Alghamdi v. Ridge, No. 3:05cv344-RS, 2006 U.S. Dist. LEXIS 68498, *13 (N.D. Fla. Sep. 25, 2006). The Ninth Circuit has found that "[a] central purpose of [§ 1447(b)] was to

ORDER — 4

reduce the waiting time for naturalization applicants." <u>Hovsepian</u>, 359 F.3d at 1163 (citing H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison)). Mr. Said's and Ms. Tamrazi's action put an end to the delay in processing their applications and forced USCIS to make a determination on their immigration status. USCIS's discretion in deciding whether to grant or deny Mr. Said's and Ms. Tamrazi's applications does not transform the adjudication of those applications into a voluntary act. <u>See</u> <u>Alghamdi</u>, U.S. Dist. LEXIS 68498, *17 ("Whether USCIS ultimately grants or denies the application are [sic] irrelevant for determining whether a plaintiff has succeeded on the merits of an action based on § 1447(b). The sole purpose of § 1447(b) is to provide the applicant with a decision on the application where a decision has been withheld for an unreasonable amount of time.").

II. <u>Substantially Justified</u>

A litigant may not recover fees under the EAJA if the government shows that its litigating position and "the action or failure to act by the agency upon which the civil action is based" were substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d). "Congress enacted the EAJA to ensure that individuals and organizations would not be deterred by the expense of <u>unjustified</u> governmental opposition from vindicating their fundamental rights in civil actions and in administrative proceedings." <u>Abela v. Gustafson</u>, 888 F.2d 1258, 1262 (9th Cir. 1989) (emphasis added).

First, Mr. Said and Ms. Tamrazi brought this action because USCIS had failed to adjudicate their naturalization petitions within 120 days of their interviews with USCIS. Although there is no statutory time limit for the adjudication of naturalization applications, 8 C.F.R. 335.3(a) states that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization[.]" Further, government agencies are required to conclude matters presented to them within a "reasonable time." <u>See</u> 5 U.S.C. § 555(b). While

ORDER — 5

1  Defendants argued that they could not adjudicate the applications until Mr. Said's and Ms.
2  Tamrazi's name checks were complete, they failed to explain why the name checks were
3  delayed.  In a similar case, the Northern District of Florida found that the explanation "that
4  background checks were necessary and had to be completed before the plaintiff could be
5  naturalized... merely restates, in a conclusory manner, the necessity of completing the
6  background check; it does not <u>justify</u> the delay."  <u>Alghamdi</u>, 2006 U.S. Dist. LEXIS 68498
7  at *43 (emphasis in original).

8  Second, the government's litigation position rests on three arguments: (1) lack of
9  subject matter jurisdiction; (2) the appropriateness of remand because USCIS is better
10 equipped to adjudicate a naturalization petition; and (3) the necessity of remand to USCIS
11 to await the results of Mr. Said's and Ms. Tamrazi's statutorily required name checks.  To
12 find that the government's litigation position was substantially justified, the Court must
13 determine that the arguments had "a reasonable basis in law and fact."  <u>Abela</u>, 888 F.2d at
14 1264.

15 The Court finds that Defendants' first two arguments were substantially justified.  A
16 minority of courts had held that district court review is triggered only after the FBI name
17 check is complete.  See <u>Danilov v. Aguirre</u>, 370 F.Supp.2d 441, 443-44 (E.D. Va. 2005).
18 Although Defendants knew that this Court had asserted subject matter jurisdiction over
19 similar actions, their position against jurisdiction had a reasonable basis in law.  Likewise,
20 Defendants' argument that USCIS is better equipped to assess the merits of a naturalization
21 application is reasonable.

22 However, Defendants point out that "[w]hen analyzing whether the Government was
23 substantially justified in a particular case, courts should consider the Government's litigating
24 position as a whole."  (Response at 8) (<u>citing</u> <u>Al-Harbi v. INS</u>, 284 F.3d 1080, 1084-85 (9th
25 Cir. 2002) ("when we decide whether the government's litigation position is substantially
26 justified, 'the EAJA ... favors treating a case as an inclusive whole, rather than as atomized
27

ORDER — 6

line items'") (internal citations omitted)). A careful reading of Defendants' pleadings reveals their primary argument: because Congress requires that an FBI name check be conducted on naturalization applicants, Mr. Said's and Ms. Tamrazi's applications could only be adjudicated, by the Court or by USCIS, once the check was completed. As explained above, this argument provides no justification for the delay itself. See Alghamdi, 2006 U.S. Dist. LEXIS 68498 at *43. The Alghamdi court reasoned:

> [W]hile a reasonable person would not dispute the necessity of conducting a background check on an applicant for naturalization, a reasonable person would require a satisfactory justification for a substantial delay in completing the background check. Indeed, government agencies are required to conclude matters presented to them within a "reasonable time." See 5 U.S.C. § 555(b). Otherwise, an applicant for naturalization remains in perpetual limbo and is by de facto, denied his citizenship, a right that has been afforded by Congress to deserving individuals since the rise of the American democracy. This is particularly true when Congress has enacted legislation permitting the applicant to apply to federal district court if a decision is not rendered on the application with 120 days of the completion of the examination under 8 U.S.C. § 1447(b).

Alghamdi, 2006 U.S. Dist. LEXIS 68498 at *42-43 (emphasis in original). As in Alghamdi, Defendants have made no attempt to justify the delay in processing Mr. Said's and Ms. Tamrazi's name checks. In their response to this motion, Defendants assert that:

> the events of 9/11 placed both the FBI and USCIS in an untenable situation; the FBI did not have sufficient resources to complete the millions of name requests it received and USCIS could not adjudicate an application until the name checks were complete. In the greater interest of national security, USCIS' only recourse in Plaintiffs' case was to wait for the results of their name checks or risk violating a congressional mandate.

(Def.'s Response at 9.) This explanation offers too little, too late because the Court cannot simply assume that "national security" requires such extensive delays in processing name checks. Instead, making responsible United States citizens of those who seek naturalization appears to be the most reasonable way of ensuring our country's security. Because they failed to offer justification for the delayed name checks, this Court cannot find that USCIS's position in this litigation was substantially justified. Neither does the Court find that any special circumstances make the awarding of fees unjust.

ORDER — 7

III. Reasonable Fees and Costs

Plaintiffs are entitled to a "reasonable" amount of fees. 28 U.S.C. § 2412(b). The EAJA includes a statutory cap for attorneys' fees, unless a special factor justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). Mr. Said's and Ms. Tamrazi's attorneys needed specialized immigration law skills to pursue this action and are justified in seeking a higher market rate of compensation. See Pirus v. Bowen, 869 F.2d 536, 540-541 (9th Cir. 1989). However, only two of four Plaintiffs in this action join in this motion for attorneys' fees and the Court acknowledges Defendants' concern that the hours compensated should reflect work performed only on behalf of Mr. Said and Ms. Tamrazi. Plaintiffs are also entitled to reasonable costs.

**Conclusion**

Plaintiffs are entitled to attorneys' fees at market rate and to reasonable costs. The parties are directed to submit a joint proposed order regarding costs and fees that accords with the Court's instructions and contains documentation of costs and time billed. The proposed order shall be submitted to the Court within twenty days of this order.

The Clerk is directed to send a copy of the order to all counsel of record.

Dated: February 17, 2008.

Marsha J. Pechman

U.S. District Judge

ORDER — 8